In the Matter of **KIRCHOFF FROZEN FOODS, INC.**

Barnet **DEXTER**, Trustee-Appellant,

v.

Frank H. **GILBERT** and Beverly L. Gilbert, husband and wife, Respondents-Appellees.

No. 72–2234.

United States Court of Appeals, Ninth Circuit.

April 4, 1974.

Henry Jacobowotz (argued), Phoenix, Ariz., for trustee-appellant.

Olgerd W. Kalyna (argued), Beer & Kalyna, Phoenix, Ariz., for respondents-appellees.

Before MERRILL and DUNIWAY, Circuit Judges, and TAYLOR, District Judge.*

## OPINION

MERRILL, Circuit Judge:

This case presents a single issue: whether the referee had, on these facts, summary jurisdiction over certain funds claimed by appellees Gilbert, which funds the referee ordered appellees to turn over to the trustee. Upon petition of the appellees the District Court reversed the referee's order, finding lack of summary jurisdiction. It is this ruling which the trustee appeals. The opinion of the District Court appears at 375 F.Supp. 156 (D.Ariz.1972). The facts are fully set forth in that opinion.

The merits of the dispute over the funds present the questions whether the security agreements on which the Gilberts' claim to the funds is founded were valid; and if so whether the Gilberts were entitled, under the agreements, to "liquidate" the bankrupt corporation by selling inventory and assets and collecting sums due the corporation

---

* Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

from its debtors, and applying the sums so collected to the debt of the corporation to the Gilberts.

The referee determined that he had summary jurisdiction to resolve these disputes upon two theories.

■ 1. He ruled that the bankrupt estate (and hence the bankruptcy court) had actual or constructive possession of the funds. Upon this issue the District Court, in reversing the referee, concluded that although the Gilberts had been officers of the bankrupt corporation at the time of the collections, their claims as "third parties" to the bankruptcy were sufficiently substantial to entitle them to resolution of the dispute in a plenary suit. For the reasons set forth by the District Court in its opinion, we agree.

2. The referee also ruled that he had summary jurisdiction to resolve the dispute over the funds by *consent* of the Gilberts, manifested by their having filed a claim against the bankrupt estate, asserting its indebtedness to them in the amount of the same funds as to which they claim ownership.

■ The District Court credited the Gilberts' assertion that their filing of the claim was for defensive purposes only. Only if the Gilberts' claim of right to retain the funds were resolved adversely to them would it become necessary for them to claim against the bankrupt estate as creditors. But resolution of the dispute regarding the security interest would likely not occur until after the six month limitation period for filing of general claims had run. Relying on In Re Eakin, 154 F.2d 717 (2d Cir. 1946), the District Court held that filing a claim against the estate under these circumstances did not constitute consent to summary jurisdiction over the issues respecting the Gilberts' right to retain the funds.

■ For the reasons set forth by the District Court in its opinion, we agree. We reject the contentions of the trustee on this appeal that such holding is inconsistent with Katchen v. Landy, 382

U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), and Peters v. Lines, 275 F.2d 919 (9th Cir. 1960). Those were cases where, by filing a claim against the bankrupt, the claimant affirmatively sought relief for remedy from the bankruptcy court. In such cases, consent to jurisdiction is implicit. One who seeks relief or remedy from the bankruptcy court has by necessary implication asked that court to exercise jurisdiction to the extent necessary to entertain his claim and any defense to it that may be interposed by the trustee. As stated in Peters v. Lines, *supra,* 275 F.2d at 925:

"We can see no valid reason why the filing of a proof of claim should not constitute a consent to the bankruptcy court's jurisdiction so as to enable the bankruptcy court to render an affirmative judgment against the creditor on the trustee's counterclaim arising out of the same contract."

Here there was no such consent to jurisdiction. The Gilberts did not seek remedy or relief from the bankruptcy court save in the event the trustee first prevailed in the dispute initiated by him. In Peters v. Lines, *supra,* 275 F. 2d at 924, we stated:

"It must be borne in mind that the appellants voluntarily presented their claim as a creditor of the bankrupt estate. They were not forced into the bankruptcy court. For such reason this case is readily distinguishable from many cases cited by the appellants wherein the alleged debtors to the bankrupt's estate did not enter the bankruptcy court of their own accord."

The rights now asserted by the Gilberts and challenged by the trustee (to retention of the funds) are not the same rights asserted in the claim filed against the bankrupt estate. Those rights (to recovery against the estate as creditors) would not materialize unless the present dispute were terminated in the trustee's favor.

■ That the Gilberts may have consented to jurisdiction of the bankruptcy court in any dispute respecting these al-

ternative rights does not constitute consent to jurisdiction as to the present dispute. As noted in Cline v. Kaplan, 323 U.S. 97, 99, 65 S.Ct. 155, 156, 89 L.Ed. 97 (1944):

"Consent is wanting where the claimant has throughout resisted the petition for a turnover order and where he has made formal protest against the exercise of summary jurisdiction by the bankruptcy court before that court has made a final order."

Here, as the District Court found, "The Gilberts have objected to the bankruptcy court's jurisdiction at every stage."

Judgment affirmed.