**FEDERAL TRADE COMMISSION, Plaintiff,**

v.

**EVANS PRODUCTS COMPANY, a Delaware corporation, doing business as Capp Homes and Ridge Homes; and Evans Financial Corp., a Washington corporation, Defendants.**

**No. C85–45D.**

United States District Court,
W.D. Washington,
at Seattle.

April 22, 1986.

Randall H. Brook, Maxine R. Stansell, Kathryn C. Nielsen, F.T.C., Seattle, Wash., Melvin H. Orlans, F.T.C., Washington, D.C., for plaintiff.

Steven John Fellman, James E. Anderson, Gary Komarow, Loomis, Owens, Fellman & Howe, Washington, D.C., Chris R. Youtz, George E. Greer, Seattle, Wash., for defendants.

## ORDER

DIMMICK, District Judge.

Defendant Evans Products Company ("Evans") moves for dismissal of the claims of the Federal Trade Commission ("FTC"). After reviewing the record and all memoranda and affidavits submitted by counsel, this Court stays proceedings pending judgment in the United States District Court for the Southern District of Florida.

## BACKGROUND

The FTC seeks a prohibitory injunction (cease and desist order) and the equitable remedies of restitution, rescission and reformation. These remedies are sought as compensation for Evans' alleged misrepresentation in the sale of "finish-it-yourself" homes. In promoting sales, Evans promised consumers short-term construction loans and land acquisition loans. In addition, Evans allegedly assured customers that permanent financing would be available at low interest rates, rates which were ultimately unavailable. As a result, many customers paid higher rates for loans or lost their homes through foreclosures. The FTC brings its claim under the Federal Trade Commission Act (15 U.S.C. § 41 *et seq.*), basing jurisdiction on section 45(a)(1) (hereafter referred to as "section 5(a)") and section 53(b) (hereafter referred to as "section 13(b)"), which provide:

Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful.

Section 5(a).

Whenever the Commission has reason to believe—

(1) that any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission, and

(2) that the enjoining thereof pending the issuance of a complaint by the Commission and until such complaint is dismissed by the Commission or set aside by the court on review, or until the order of the Commission thereon has become final, it would be in the interest of the public—

the Commission ... may bring suit in a District Court of the United States to enjoin any such act or practice ... *provided further,* **That in proper cases the Commission may seek, and after proper proof, the court may issue a permanent injunction. Any such suit shall be brought in the district in which such person, partnership, or corporation resides or transacts business.**

Section 13(b) (emphasis added).

This case has already had a complex procedural history. Judge McGovern of this Court denied the FTC's request for a preliminary injunction. This denial was appealed to the Ninth Circuit Court of Appeals. The Ninth Circuit issued its opinion in November of 1985, affirming Judge McGovern. *FTC v. Evans Products Company,* 775 F.2d 1084 (9th Cir.1985). In the meantime, Evans was involved in bankruptcy proceedings in Florida. The Ninth Circuit recognized those proceedings and granted an injunction during the pendency of the appeal, enjoining Evans from all foreclosures unless it first obtained the consent of the bankruptcy court.

On March 6, 1986, Judge Thomas C. Britton, of the Bankruptcy Court for the Southern District of Florida, made an oral ruling encompassed in a written order issued March 11, 1986. The judge disallowed "the FTC's claims in their entirety." On March 13, 1986, the FTC filed notice of appeal of this order to the District Court for the Southern District of Florida. Evans, therefore, argues that the bankruptcy court's order controls this case under the doctrines of res judicata or collateral estoppel. The FTC disagrees, arguing the incompleteness of the bankruptcy court's decision and the inadequacy of that forum because it is not an Article III court.

■ The doctrine of collateral estoppel[1] prohibits a party from relitigating an issue of fact or law that was litigated by him in a prior case. The doctrines of "res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). In order to invoke the doctrine of collateral estoppel, a party must show that the same issue was actually litigated in the prior action and that it was essential to the prior judgment. *South Delta Water Agency v. United States*, 767 F.2d 531 (9th Cir.1985).

Thus the issue before this Court is whether or not the order of the bankruptcy court is determinative of issues in the case before this Court. To reach this question it is necessary first to identify the substantive issues raised by Evans in its motion for dismissal; secondly, to review the holding of the Ninth Circuit to see if it is dispositive of the issues in this case as is argued by both parties; and, thirdly, to address the bankruptcy court's power and its decision.

## SUBSTANTIVE ISSUES

1. Does the FTC have ancillary equitable powers to seek restitution and rescission in a case filed pursuant to section 13(b) when a permanent injunction (cease-and-desist order) is not properly before the court because there is no allegation of a continuing violation nor any allegation that a violation is likely to be repeated? This may be argued as grounds for dismissal under 12(b)(6) (failure to state a claim) as Evans does—or alternatively, it can be argued that "a continuing violation or likelihood of repetition" is a factual question requiring trial, or at minimum a motion for summary judgment.

2. In order to seek the equitable remedies of restitution and rescission must the FTC allege the equivalent of commonlaw fraud and allege fraudulent activities "with particularity" pursuant to Rule 9(b)?

3. Does the necessity for a case-by-case analysis of misrepresentation and resultant damages in hundreds of instances for which a remedy in state court exists prevent the FTC from bringing this action?

## ISSUES ADDRESSED IN COURT OF APPEALS' OPINION

■ The Court of Appeals affirmed Judge McGovern's denial of a preliminary injunction. In doing so, it examined both the FTC's power to seek a preliminary injunction under section 13(b) and the district court's exercise of its ancillary equitable powers. In this case, where no current violations were alleged, the appellate court held that a preliminary injunction under section 13(b) was proper only if violations were likely to recur. Since the district court had found no such recurrence likely, "preliminary injunctive[2] relief under 13(b) is therefore precluded." *Evans*, 775 F.2d at 1088. The Court of Appeals recognized the district court's inherent equitable powers to maintain the status quo pending a decision on the FTC's ultimate remedy of rescission and restitution. In doing so, the Ninth Circuit applied its well-established standards for granting a preliminary injunction. After examining the facts, the Court of Appeals concluded "that the balance of hardships does not tip in the FTC's favor and that there is not a strong showing of irreparable injury...." 775 F.2d at 1089.

From its analysis, this Court concludes that the Ninth Circuit does nothing more than affirm Judge McGovern's denial of summary judgment. Both sides, however,

---

1. The parties also discuss res judicata. That doctrine concerns final judgment on the merits of an action. The bankruptcy court did not determine the merits of an action but only one of the issues involved. Thus collateral estoppel, not res judicata, is the relevant doctrine.

2. The words "preliminary injunctive" were added to the opinion at pages 1088 and 1089 at the request of the FTC, considerably narrowing the holding.

cite to language in the opinion supporting their respective positions.

Evans finds the following support for its position: The Court of Appeals states that a district court can issue a preliminary injunction in cases where a permanent injunction is permissible, "in proper cases the Commission may seek, and after proper proof the court may issue, a permanent injunction ..." *Id.* at 1086; a "proper case" is one in which the FTC believes that a person is now violating or is likely to violate any provision of law enforced by the FTC (*id.* at 1086), but does not include a past violation (*id.* at 1087); Evans' violations have ceased, and the FTC does not allege otherwise. *Id.* at 1088. From this, one could infer that since there is no 13(b) action available, the court has no ancillary equitable powers to grant rescission or restitution. This could also be characterized as a lack of standing for the FTC to seek those remedies. (Evans' grounds for arguing dismissal for failure to state a claim.)

The FTC, however, finds the Ninth Circuit supportive in its discussion of inherent equitable powers. The court discusses those powers in very general terms and not in conjunction with section 13(b). This language hints at an expansion of FTC power to seek preliminary injunctive and ultimate equitable relief outside the powers conferred by section 13(b). By citing to SEC cases in which such power has been conferred (*id.* at 1088) and distinguishing *Heater v. F.T.C.,* 503 F.2d 321, 323 (9th Cir.1974) (*id.* at 1087 n. 1) the Ninth Circuit implies that the FTC has the power to seek restitution as an ultimate remedy even though not empowered to do so by the statute.

This Court finds neither Evans' nor the FTC's interpretation of the Ninth Circuit opinion to be persuasive. The appellate court has not resolved the issues raised in Evans' motion for dismissal.

## BANKRUPTCY COURT'S DECISION ON ISSUE

 The Bankruptcy Court for the Southern District of Florida disallowed the FTC's claims in their entirety. The bankruptcy court gave six reasons for its decision, four of which are the following [3]: (1) the FTC did not have authority under section 13(b) (transcript of bankruptcy court's decision at 23); (2) the FTC did not have authority under section 19 (*id.* at 23); (3) monetary damage is not the kind of ancillary relief that is allowed, even implicitly, under the FTCA (*id.* at 24); and (4) a significant amount of property owners' claims have been asserted by individual owners (*id.* at 25). Evans contends that the FTC is collaterally estopped from bringing a claim for monetary damages in this Court. The FTC argues that it is not collaterally estopped from pursuing its action for monetary damages because the bankruptcy court did not have jurisdiction to decide the issue of monetary damages. The FTC relies on *In re Castlerock Properties,* 781 F.2d 159 (9th Cir.1986). It argues that the Florida bankruptcy court did not have jurisdiction because it adjudicated a noncore matter. Under the 1984 Bankruptcy Code Act, a bankruptcy court cannot enter final judgment in noncore matters without the consent of the parties. In *Castlerock,* the Ninth Circuit found that the creditor had not given its consent. Here, the Florida bankruptcy court, when ruling on the FTC's claim, was dealing with a core matter. Under 28 U.S.C. § 157(b)(2), "core proceedings include, but are not limited to ... (B) allowance or disallowance of claims against the estate...." A bankruptcy court may determine all core proceedings arising under Title 11. 28 U.S.C. § 157(b)(1). As the Florida bankruptcy court properly adjudicated the FTC's claim for monetary damages, this Court will not allow the FTC to relitigate the issue here.

 This Court concludes that the Bankruptcy Court for the Southern District of

---

**3.** The other two remaining reasons were unique to the bankruptcy court: (1) class actions are not allowed and this suit is, in effect, the same as a class action, and (2) FTC's priority claim under section 507(a)(6) fails because this suit does not involve a deposit of money by the FTC.

Florida had jurisdiction, and the reasons for its dismissal raise some, if not all, of the issues raised by Evans in its motion before this Court. Moreover, the appeal to the District Court for the Southern District of Florida may be dispositive of this case.

THEREFORE, this proceeding is STAYED pending entry of judgment of the case presently before the District Court for the Southern District of Florida.