960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: THE STEINGOLD COMPANIES, LIMITED, Debtor. In Re:
Neil ABRAMSON, Debtor. Neil ABRAMSON; CHESAPEAKE
GOLF, L.P., Plaintiffs-Appellants,
v.
THE STEINGOLD COMPANIES, LIMITED; JERBAM, INCORPORATED;
Maurice STEINGOLD, Defendants-Appellees.
 No. 91-1807.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 12, 1992
Decided: April 24, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CA-91-165-N; CA-91-317-N; BK-90-25442-T; BK-90-25821-T)
 Neil Abramson, Appellant Pro Se.
 Jerrold Gladstone Weinberg, Cecelia Ann Weschler, WEINBERG & STEIN, Norfolk, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellants Neil Abramson and Chesapeake Golf appeal from the district court's affirmance of both the bankruptcy court's dismissal pursuant to 11 U.S.C. § 303(b) (1988), of their involuntary bankruptcy petition brought against Appellee The Steingold Companies, Ltd. (Steingold), and the bankruptcy court's lifting of a stay, pursuant to 11 U.S.C. § 362 (1988), of Steingold's state court action against Abramson. Our review of the bankruptcy court record reveals that this appeal is without merit, although we disagree with the district court's reasons for upholding the lifting of the stay. With that exception, we affirm on the reasoning of the district court. Abramson v. Steingold Cos. (In re Steingold Cos.), No. CA-91-165-N (E.D. Va. Aug. 8, 1991, Sept. 6, 1991).
 
 
 2
 The district court concluded that the bankruptcy court did not abuse its discretion in lifting the stay imposed upon Steingold's state court action because the results in that case will have little if any impact upon Abramson's bankruptcy estate. We disagree. In its state case, Steingold seeks to enjoin Abramson from representing that a partnership exists between them. Resolution of the case will require litigating whether the partnership exists. Under Virginia law, Steingold would be liable for the amount of contribution promised in the partnership agreement. Va. Code Ann. § 50-73.33 (Michie 1989). The purported partnership agreement submitted by Abramson would impose a heavy financial burden upon Steingold, requiring transfer of various properties to the partnership. If this agreement were upheld and the contribution purport edly agreed to were enforced, Abramson's bankruptcy estate would benefit enormously.
 
 
 3
 Nevertheless, the lifting of the stay was proper for a different reason. The bankruptcy court was persuaded that the partnership dispute was a matter best left to the Virginia courts. We agree. Congress has indicated a strong preference for allowing state law claimants to litigate their disputes in state courts rather than the bankruptcy courts. See 28 U.S.C. § 1334(c) (1988). In the present case, the limited issues presented in Steingold's Virginia case indicate that the dispute is likely to receive prompt resolution in state court, thereby saving the bankruptcy court the need to resolve issues of state law upon which it has no particular expertise. We conclude that under these circumstances the bankruptcy court did not abuse its discretion in lifting the stay. Piombo Corp. v. Castlerock Properties (In re Castlerock Properties), 781 F.2d 159, 163 (9th Cir. 1986).
 
 
 4
 The district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED