978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Gene E. WADE; Joyzelle I. Wade, Debtors.
E. Gene WADE; Joyzelle I. Wade, Appellants,
v.
UNITED DEVELOPMENT, INC., Appellee.
 No. 90-16365.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided Nov. 10, 1992.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 E. Gene Wade and Joyzelle I. Wade appeal pro se from the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's grant of relief from the automatic stay provision of 11 U.S.C. § 362 to United Development, Inc. ("UDI"). We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 * Facts & Procedural Background
 
 
 4
 The dispute underlying this appeal arises from certain state court litigation involving the Wades, UDI, and a third party, the Satos, over the ownership of property located in Mesa, Arizona. On November 14, 1986, the state trial court entered judgment and ruled that the Wades held the property in constructive trust and on certain terms. One of these terms was that: "Wades are required to provide the necessary conveyance to enable the Satos to close the sales agreement and escrow with United Development Inc." On October 1, 1987, while an appeal from the state court's judgment was pending, the Wades filed a Chapter 11 bankruptcy petition. Pursuant to the Wades' stipulation, the bankruptcy court modified the automatic stay to allow the state court litigation to continue. The Arizona Court of Appeals affirmed the relevant part of the trial court's judgment, the Arizona Supreme Court denied review, and the mandate issued on May 16, 1989.
 
 
 5
 In June 1989, UDI filed in the bankruptcy court an "Application for Order to Require Debtor to Execute Escrow Documents" ("UDI's application"). UDI argued that the Mesa property was not an asset of the bankruptcy estate, and therefore requested that the bankruptcy court order the Wades to execute the escrow documents under the terms established by the state court. The Wades filed a motion to dismiss or deny UDI's application, and a hearing was held on July 18, 1989. The bankruptcy judge agreed with the Wades' argument that UDI sought injunctive relief and technically should have filed a complaint to initiate an adversary proceeding. Nevertheless, the judge ruled that (1) because the state trial court's judgment had been rendered before the Wades' filed their bankruptcy petition, and subsequently had been upheld by the Arizona Court of Appeals and Supreme Court, it was res judicata as to the merits of the property dispute; and (2) under these circumstances, an adversary proceeding in the bankruptcy court would have been a waste of time and money. Therefore, the bankruptcy judge decided to treat UDI's application as a motion for relief from the automatic stay and grant relief to allow UDI to seek enforcement of the judgment in state court.
 
 
 6
 The Wades filed a motion for a new trial in which they argued that they had been denied due process because UDI's application did not comply with the rules applicable to motions for relief from the automatic stay. After a hearing, the bankruptcy court denied the motion for a new trial. The Wades appealed to the BAP, which affirmed the bankruptcy court.
 
 II
 Analysis
 
 7
 In this appeal, the Wades raise a number of arguments regarding the procedural improprieties of UDI's application and the bankruptcy court's decision. In particular, the Wades contend that: (1) UDI violated the automatic stay by filing its application in the bankruptcy court; (2) the bankruptcy court lacked jurisdiction to consider UDI's application, and therefore its order allowing UDI to proceed against the Wades in state court is void; (3) the bankruptcy court committed reversible error by treating UDI's application as a motion for relief from the automatic stay and granting such relief; and (4) the bankruptcy court's actions deprived them of due process. We reject these arguments.
 
 
 8
 On request of a party in interest and after notice and a hearing, the bankruptcy court may grant relief from the automatic stay for cause. 11 U.S.C. § 362(d)(1) (West Supp.1992). " 'Because there is no clear definition of what constitutes "cause," discretionary relief from the stay must be determined on a case by case basis.' " Piombo Corp. v. Castlerock Properties (In re Castlerock Properties), 781 F.2d 159, 163 (9th Cir.1986) (quoting MacDonald v. MacDonald (In re MacDonald), 755 F.2d 715, 717 (9th Cir.1985)). Cause may exist where the party requesting relief from the automatic stay seeks to litigate state law claims in state court. Castlerock Properties, 781 F.2d at 163; accord Pursifull v. Eakin, 814 F.2d 1501, 1506 (10th Cir.1987) (cause existed where "the issues involved were matters of state law best decided by the state courts").
 
 
 9
 Here, the bankruptcy court's order did not address the merits of UDI's claims. It merely allowed UDI to seek interpretation and enforcement of a state court judgment, rendered prior to the Wades' bankruptcy petition, in state court. Given these circumstances, the BAP correctly determined that cause existed to lift the automatic stay. See id.; Castlerock Properties, 781 F.2d at 163.
 
 
 10
 Moreover, the procedural irregularities argued by the Wades neither amount to a denial of due process not constitute reversible error. Although 11 U.S.C. § 362(d) requires "notice and a hearing" before the automatic stay is lifted, this phrase "means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances[.]" 11 U.S.C. § 102(1)(A) (West 1979). In addition, violations of the Bankruptcy Rules do not amount to a deprivation of due process if the parties receive a subsequent opportunity to present arguments and evidence. Wade v. State Bar of Arizona (In re Wade), 948 F.2d 1122, 1125 (9th Cir.1991) (bankruptcy court's violation of the local Bankruptcy Rules did not constitute a denial of due process where the debtors' arguments and evidence were presented in a motion for reconsideration and were considered by the BAP and this court).
 
 
 11
 Here, the Wades had adequate notice and several opportunities to be heard regarding UDI's application. They had notice that UDI sought an order requiring them to execute the escrow documents, and they had an opportunity to respond in their motion to dismiss and at the hearing. The Wades' arguments received further consideration by the bankruptcy court when they filed a motion for a new trial, and they have had the benefit of review by both the BAP and this court. Accordingly, they were not deprived of due process. See Wade, 948 F.2d at 1125.
 
 
 12
 Moreover, despite UDI's failure to style its application as a motion for relief from the automatic stay, the record demonstrates that the Wades were aware at every stage of the proceedings that such relief was requested. See Pursifull, 814 F.2d at 1505 (although motion did not expressly request modification of the automatic stay, debtor had adequate notice that such a request had been made where the relief sought by the motion would be possible only if the stay were lifted); Global W. Dev. Corp. v. Northern Orange County Credit Serv., Inc. (In re Global W. Dev. Corp.), 759 F.2d 724, 727 (9th Cir.1985) (in bankruptcy proceedings " '[s]ubstantial right and justice, rather than technical form, control' ") (quotation omitted). Finally, the Wades' assertions that the bankruptcy court lacked jurisdiction to lift the automatic stay, and that UDI's filing of the application itself violated the automatic stay, are wholly without merit.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3