28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Emma Ruth JUDKINS, a/k/a Emma Ruth Saddi, Debtor.
Emma Ruth JUDKINS, a/k/a Emma Ruth Saddi, Appellant,
v.
Mohsan ALI; Amrita Ali; Judali Corporation; F.C. Adams,
Trustee, Appellees.
 No. 93-56292.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 10, 1994.
 
 MEMORANDUM**
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 Emma R. Judkins appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision, dismissing her appeal from one bankruptcy court order as untimely and affirming another order lifting the automatic stay "for cause" pursuant to 11 U.S.C. Sec. 362(d)(1). We have jurisdiction under 28 U.S.C. Sec. 1293, and we affirm.
 
 
 2
 * Motion to Withdraw Trustee's Report of No Assets
 
 
 3
 Judkins contends the BAP erred by dismissing, as untimely, her appeal from the bankruptcy court's order granting the trustee's motion to withdraw its "report of no assets." This contention lacks merit.
 
 
 4
 The timeliness of a notice of appeal is a question of law which we review de novo. In re Kincaid, 917 F.2d 1162, 1164 (9th Cir.1990).
 
 
 5
 A "notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order, or decree appealed from." Bank.R. 8002(a). "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." In re Mouradick, 13 F.3d 326, 327 (9th Cir.1994); In re Slimick, 928 F.2d 304, 306 (9th Cir.1990); In re Souza, 795 F.2d 855, 857 (9th Cir.1986). Under Bankruptcy Rule 8002(c), during the 20 days following the 10-day appeals period, a party may request an extension of time for filing a notice of appeal upon a showing of excusable neglect. See Bank.R. 8002(c). This extension, however, may not "exceed 20 days from the expiration of the time otherwise prescribed by this rule." See id.; In re Mouradick, 13 F.3d at 327-28; In re Slimick, 928 F.2d at 306. "Although rule 8002 ... incorporates some flexibility, we strictly enforce its time provisions." In re Slimick, 928 F.2d at 306.
 
 
 6
 In addition, parties have an affirmative duty to "monitor the dockets to inform themselves of the entry of orders they may wish to appeal." In re Sweet Transfer & Storage, Inc., 896 F.2d 1189, 1193, (9th Cir.1990). Therefore, the failure of a court clerk to give notice of a judgment is not a ground, by itself, to establish excusable neglect or warrant an extension of time for filing the notice of appeal. See Bankr.R. 9022 ("[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002"); Zurich Ins. Co. v. Wheeler, 838 F.2d 338, 340 (9th Cir.1988); Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1412 (9th Cir.1986).
 
 
 7
 Here, the bankruptcy court's order withdrawing the trustee's "report of no assets" was entered on August 17, 1992. Judkins had 10 days from that date in which to file her notice of appeal. See Bank.R. 8002(a). Judkins contends that she did not file her notice of appeal within the 10-day time period because the court clerk mailed the notice of the order to Judkins's former address, despite her filing of a change of address with the court several months earlier.
 
 
 8
 On September 18, 1992, Judkins filed her notice of appeal in which she alleged that she did not learn of the order withdrawing the trustee's "report of no assets" until September 14, 1992. The BAP found that her notice of appeal was untimely as to this order and dismissed that portion of her appeal.
 
 
 9
 Here, even if we were to construe Judkins's untimely appeal as a request for an extension of time pursuant to Rule 8002(c) and were to find that Judkins's notice of appeal was filed within the twenty-day period designated by Rule 8002(c), Judkins did not establish excusable neglect for her failure to timely file her notice of appeal. See Bankr.R. 9022 (lack of notice of entry of order does not toll time for appeal); In re Sweet Transfer & Storage, Inc., 896 F.2d at 1193 (parties have an affirmative duty to "monitor the dockets to inform themselves of the entry of orders they may wish to appeal"); Zurich Ins. Co., 838 F.2d at 340 (failure of a court clerk to give notice of a judgment is not a ground, by itself, to establish excusable neglect). Nor does Judkins's lack of knowledge of the order constitute "unique circumstances" warranting acceptance of an untimely appeal. See In re Mouradick, 13 F.3d at 329 ("unique circumstances" doctrine requires affirmative assurance by the court that appeal will be timely). Accordingly, the BAP did not err by dismissing this portion of Judkins's appeal.[1]
 
 II
 Lifting of the Automatic Stay
 
 10
 Judkins contends that the BAP erred by affirming the bankruptcy court's lifting of the automatic stay to enable the Alis to pursue their legal claims against Judkins in state court. This contention lacks merit.
 
 
 11
 We review the decision to grant relief from the automatic stay under 11 U.S.C. Sec. 362(d)(1) for an abuse of discretion. See In re Wiese, 980 F.2d 1279, 1284 (9th Cir.1992).
 
 
 12
 On request of a party in interest and after notice and a hearing, the bankruptcy court may grant relief from the automatic stay for cause. See 11 U.S.C. Sec. 362(d)(1). " 'Because there is no clear definition of what constitutes "cause," discretionary relief from the stay must be determined on a case by case basis.' " In re Castlerock Properties, 781 F.2d 159, 163 (9th Cir.1986) (quoting In re MacDonald, 755 F.2d 715, 717 (9th Cir.1985)). Cause may exist where the party requesting relief from the automatic stay seeks to litigate state law claims in state court. See In re Castlerock Properties, 781 F.2d at 163; accord Pursifull v. Eakin, 814 F.2d 1501, 1506 (10th Cir.1987) (cause existed where "the issues involved were matters of state law best decided by state courts").
 
 
 13
 Here, the bankruptcy court did not address the merits of the Alis' claims. It merely allowed them to pursue their state law claims against Judkins in state court. See In re Castlerock Properties, 781 F.2d at 163 ("[a] clear congressional policy exists to give state law claimants a right to have claims heard in state court"); 28 U.S.C. Sec. 1334(c). Moreover, the order lifting the stay specifically prevents the Alis from taking any action to enforce any judgment obtained in the state court proceedings without a further order from the bankruptcy court lifting the automatic stay. Given these circumstances, the BAP correctly determined that cause existed to lift the automatic stay. See id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent, Judkins also is seeking review of the bankruptcy court's June 30, 1992 order denying Judkins's motion to dismiss an adversary proceeding by appellees Mohsan Ali and Amarita Ali, such an appeal also is untimely. See Bankr.R. 8002; In re Mouradick, 13 F.3d at 328