In re PNP HOLDINGS CORPORATION
and Pay 'N Pak Stores, Inc., Debtor.

TUCKER PLASTICS, INC., Appellant,

v.

PAY 'N PAK STORES, INC., Appellee.

BAP No. WW 94–2207–AsHT.

Bankruptcy No. 91–06976, 91–06977.

Adv. No. A93–07253.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted June 23, 1995.

Decided July 28, 1995.

Arnold B. Robbins, Seattle, WA, for appellant.

John J. Mitchell, Seattle, WA, for appellee.

Before ASHLAND, HAGAN and
TCHAIKOVSKY[1], Bankruptcy Judges.

### OPINION

ASHLAND, Bankruptcy Judge:

Debtor brought a § 547(b) preference action against a corporation to recover funds already paid. The corporation objected to personal jurisdiction. The debtor argued that the creditor corporation consented to jurisdiction when it filed proofs of claim. The bankruptcy court agreed, denying the creditor's summary judgment motion based on jurisdiction, and granting debtor's summary judgment motion on the § 547(b) action. We affirm.

### STATEMENT OF FACTS

On January 21, 1992, Tucker Plastics, a Canadian corporation, filed a proof of claim in Pay 'N Pak Stores' Chapter 11 case in the amount of $54,162.90 for goods delivered to the debtor. Tucker Plastics continued to provide goods to Pay 'N Pak after its bankruptcy filing and, as a result, filed an administrative expense claim on September 30, 1992 totalling $30,038.

During the 90 days prior to Pay 'N Pak's bankruptcy petition, Tucker was paid $125,-138.40 on account of debtor's earlier credit purchases. On September 14, 1993, Pay 'N Pak filed an adversary proceeding seeking to recover the payments as preferential transfers under Bankruptcy Code § 547(b) and to disallow Tucker's proof of claim and its administrative expense claim under § 502(d) until such time as the preferences were returned. The summons and complaint were personally served on Tucker at its place of business in Coaticook, Quebec, Canada by an authorized process server for the Province of Quebec.

Tucker's answer denied that the Bankruptcy Court had personal jurisdiction over Pay 'N Pak's preference action against it. Tucker thereafter filed a motion for sum-

1. Honorable Leslie Tchaikovsky, Bankruptcy Judge for the Northern District of California, sitting by designation.

mary judgment for dismissal on jurisdictional grounds. Tucker argued that it was a Canadian corporation with no business installations or employees in the United States, that all of its sales were made by manufacturer's representatives who are independent contractors of Tucker, and that all goods sold were shipped and invoiced from Canada. Tucker has not attempted to characterize the payments as having been made in the ordinary course of business.

The bankruptcy court denied Tucker's motion, concluding that Tucker had submitted itself to the court's jurisdiction by filing a proof of claim. On September 23, 1994, the bankruptcy court granted Pay 'N Pak's motion for summary judgment, concluding that Tucker was liable as an initial transferee and awarding judgment for return of preferences totalling $100,345.16, subject to a potential offset. Pursuant to § 502(d), the court disallowed Tucker's proof of claim until the preference was returned but allowed Tucker to set off against the avoidable preference an amount equal to the pro rata distribution expected with respect to the administrative claim.

Tucker Plastics appeals the grant of summary judgment in favor of Pay 'N Pak.

## ISSUE ON APPEAL

Whether a creditor who files a proof of claim submits itself to the personal jurisdiction of the bankruptcy court for purposes of having an affirmative judgment rendered against it in a preference action.

## STANDARD OF REVIEW

Questions of jurisdiction are reviewed de novo. *In re Castlerock Properties,* 781 F.2d 159, 161 (9th Cir.1986). A grant of summary judgment is also subject to a de novo review. *Richards v. Neilsen Freight Lines,* 810 F.2d 898, 902 (9th Cir.1987); *In re New England Fish Co.,* 749 F.2d 1277, 1280 (9th Cir.1984).

## DISCUSSION

It is well settled that a creditor consents to jurisdiction over related counterclaims by filing a proof of claim. *In re Castlerock Properties,* 781 F.2d 159, 161 (9th Cir.1986); *In re*

*Axton,* 641 F.2d 1262, 1268 (9th Cir.1981); *In re Kirchoff Frozen Foods, Inc.,* 496 F.2d 84, 86 (9th Cir.1974).

The jurisdictional effect of filing a proof of claim was noted by the Supreme Court in *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). In *Katchen,* the issue presented was whether a bankruptcy court had summary jurisdiction to order the surrender of voidable preferences asserted in response to a claim filed by the creditor who received the preferences. *Katchen,* 382 U.S. at 325, 86 S.Ct. at 470. There, petitioner had argued that preference actions against a creditor could only be brought in a plenary action (not within the bankruptcy court's jurisdiction) regardless of whether the creditor had filed a proof of claim. *Katchen,* 382 U.S. at 328, 86 S.Ct. at 472.

The Supreme Court disagreed, concluding that by filing a proof of claim a creditor consented to judgment on a counterclaim based on the avoiding powers. *Katchen,* 382 U.S. at 335, 86 S.Ct. at 475–76. The power to compel return of the preference was within the summary jurisdiction of the court because the counterclaim was part of the process of allowing and disallowing claims. *Katchen,* 382 U.S. at 330–31, 86 S.Ct. at 473.

There may be certain circumstances where filing a proof of claim does not subject the creditor to the court's jurisdiction. In *Kirchoff Frozen Foods,* the Ninth Circuit held that a party that filed a proof of claim only for defensive purposes had not submitted itself to the summary jurisdiction of the bankruptcy court. *Kirchoff,* 496 F.2d 84, 86. There, resolution of a creditor's claim of right to retain funds would not be resolved until after the claims deadlines expired, thereby necessitating filing of a proof of claim to protect its interests in the event of an adverse judgment. *Kirchoff,* 496 F.2d at 86. Still, the court recognized that where a proof of claim is filed affirmatively seeking relief from the bankruptcy court, the party has consented to jurisdiction for judgment on a counterclaim arising out of the same contract. *Kirchoff,* 496 F.2d at 86.

Similarly, in *In re Castlerock Properties,* the Ninth Circuit found no consent where the creditor's proof of claim was filed after the

counterclaim. *Castlerock*, 781 F.2d 159, 162 (9th Cir.1986). There, creditor had objected to jurisdiction of the court to hear counterclaims imposed as a response to its motion for relief from stay. The bankruptcy court denied creditor's objections to jurisdiction and thereafter the creditor filed a proof of claim.

The Ninth Circuit concluded that the bankruptcy court did not have jurisdiction to hear the counterclaims and dismissed debtor's argument that creditor's after-filed proof of claim was a consent to jurisdiction. Under the circumstances, the proof of claim did not evidence consent because the creditor would not have filed it had the bankruptcy court declined jurisdiction. *Castlerock*, 781 F.2d at 162.

As in *Kirchoff*, the *Castlerock* opinion points out that it is "well-settled law that a creditor consents to jurisdiction over related counterclaims by filing a proof of claim." *Castlerock*, 781 F.2d at 162. The *Castlerock* opinion is also significant because it postdates the 1984 amendments to the Bankruptcy Code wherein significant changes were made to the bankruptcy court's jurisdiction. Although the distinction between summary and plenary jurisdiction is no longer recognized in bankruptcy, the notion of consent through filing a proof of claim apparently remains. *See, e.g., In re Levoy and Aikens,* 182 B.R. 827 (9th Cir. BAP 1995).

Appellant's primary argument on appeal is that the bankruptcy court lacked personal jurisdiction over it because the requirements for service of process in a foreign country as provided by Bankruptcy Rule 7004(e) have not been met. Specifically, Rule 7004(e)(C) provides for service on "any person whenever such service is authorized by a federal or state law referred to in Rule 4(c)(2)(C)(i) or (e) FR Civ P." Appellant then argues that there is no federal or state statute that would authorize such process.

Given this court's determination that filing a proof of claim evidences consent to jurisdiction, Appellant's Rule 7004(e) argument is without merit. As such, we need not address whether personal jurisdiction over Tucker Plastics would be proper under Washington's long-arm statute. "Consent is [a] traditional basis of jurisdiction, existing independently of long-arm statutes." *Knowlton v. Allied Van Lines, Inc.,* 900 F.2d 1196, 1199 (8th Cir.1990). *See also General Contracting & Trading Co., LLC v. Interpole, Inc.,* 940 F.2d 20, 22 (1st Cir.1991).

Therefore, it is clear that by filing its proof of claim, Tucker Plastics consented to the jurisdiction of the court and is bound by the § 547(b) judgment against it and the disallowance of its claims until such time as the preferential payments are returned in accordance with § 502(d). This is a fair result. A creditor cannot reasonably expect to invoke those portions of the bankruptcy code that allow it to recover on its claims and yet avoid the legal effect of other sections that do not work in its favor.

## CONCLUSION

Upon filing its proof of claim, Tucker Plastics consented to the jurisdiction of the bankruptcy court for purposes of an affirmative judgment against it under § 547(b). For that reason, the decision of the bankruptcy court is affirmed.