**In re PNP HOLDINGS CORPORATION and Pay 'N Pak Stores, Inc., Debtors.**

**TUCKER PLASTICS, INC., Appellant,**

v.

**PAY 'N PAK STORES, INC., Appellee.**

No. 95–35871.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 1996.

Decided Oct. 31, 1996.

Arnold B. Robbins, Breskin & Robbins, Seattle, WA, for defendant-appellant.

John J. Mitchell, Lane Powell Spears Lubersky, Seattle, WA, for plaintiff-appellee.

Before BROWNING, D.W. NELSON, and FERNANDEZ, Circuit Judges.

## PER CURIAM:

Tucker Plastics, Inc. filed a proof of claim in Pay 'N Pak Stores, Inc.'s Chapter 11 bankruptcy proceeding. Later, the trustee in Pay 'N Pak's bankruptcy estate initiated a preference action against Tucker. Tucker, a Canadian corporation, filed a motion for summary judgment, contesting the bankruptcy court's personal jurisdiction. The bankruptcy court denied the motion, holding that under *Katchen v. Landy,* 382 U.S. 323, 335, 86 S.Ct. 467, 475–76, 15 L.Ed.2d 391 (1966), a creditor who files a proof of claim consents to the bankruptcy court's personal jurisdiction over the creditor in proceedings to resolve the bankruptcy estate's objections to the claim. The Bankruptcy Appellate Panel affirmed. *See Tucker Plastics, Inc. v. Pay 'N Pak Stores, Inc. (In re PNP Holdings Corp. & Pay 'N Pak Stores, Inc.),* 184 B.R. 805 (9th Cir. BAP 1995). We affirm the Bankruptcy Appellate Panel.

Tucker argues that *Katchen* was undercut by the promulgation of Bankruptcy Rule 7004(e), establishing a procedure for asserting personal jurisdiction over a foreign defendant through the service of summons. This provision, Tucker asserts, precludes the court from implying personal jurisdiction from the filing of a claim. However, a person may consent to personal jurisdiction expressly or by implication regardless of the existence of the power to serve process. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703, 102 S.Ct. 2099, 2104–05, 72 L.Ed.2d 492 (1982).

The bankruptcy court and the Bankruptcy Appellate Panel correctly held that Tucker consented to the bankruptcy court's exercise of personal jurisdiction by filing a proof of claim.

AFFIRMED.