**NOT FOR PUBLICATION**

MAR 08 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In the Matter of: CALSOL, INC., | No. 09-56389 |
| Debtor, | D.C. No. 2:08-cv-07003-FMC |
| FIREMAN'S FUND INSURANCE COMPANY, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| ERNEST JAMES BRADY; et al., | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Submitted February 8, 2011[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and BEA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Fireman's Fund Insurance Company ("FFIC") appeals the district court's order affirming the bankruptcy court's order, which granted a group of plaintiffs ("Appellees") relief from the automatic stay to assert claims against Calsol, Inc. ("Calsol"), a debtor in a Chapter 7 bankruptcy proceeding, but limiting Appellees' recovery to proceeds of insurance. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review de novo the district court's decision on an appeal from the bankruptcy court and review for abuse of discretion the bankruptcy court's decision to grant relief from the automatic stay. *Benedor Corp. v. Conejo Enters., Inc.* (*In re Conejo Enters., Inc.*), 96 F.3d 346, 351 (9th Cir. 1996). We affirm.

The bankruptcy court did not abuse its discretion when it granted relief from the automatic stay. *See* 11 U.S.C. § 362(d)(1) (allowing the bankruptcy court to grant relief from the automatic stay for cause). Appellees presented sufficient evidence to establish that it would be more efficient to allow their claims to proceed in state court. In support of their motion for relief from the automatic stay, Appellees submitted the declaration of Raphael Metzger ("Declaration"). This Declaration included three exhibits: (1) copies of the complaints filed by Appellees in their state court actions, (2) a list of the other defendants in the state court actions, and (3) a list of the insurance carriers and policy numbers that relate to Appellees' claims against Calsol. Neither FFIC, Calsol, nor any other party to this

action objected to this declaration and the bankruptcy court made no rulings striking the content of the Declaration. Hence, the Declaration and its accompanying exhibits satisfied the evidentiary requirements necessary for relief from the automatic stay.

Furthermore, because a desire to permit a state action to proceed in a state tribunal has been recognized as a proper cause to grant relief from the automatic stay, *see Piombo Corp. v. Castlerock Props. (In re Castlerock Props.),* 781 F.2d 159, 163 (9th Cir. 1986), the bankruptcy court did not abuse its discretion when it granted relief for this reason.

Appellees' motion for sanctions on the ground that FFIC's appeal is frivolous is granted. Because the outcome of this appeal was obvious, sanctions are warranted under Federal Rule of Appellate Procedure 38. *See Grimes v. Comm'r,* 806 F.2d 1451, 1454 (9th Cir. 1986) (per curiam).

**AFFIRMED,** Appellees' motion for sanctions for a frivolous appeal **is GRANTED,** and the matter **is REFERRED** to the Appellate Commissioner for determination of a just amount for sanctions.