In re CONEJO ENTERPRISES,
INC., Debtor.

BENEDOR CORPORATION,
Plaintiff–Appellant,

v.

CONEJO ENTERPRISES, INC.,
Defendant–Appellee.

No. CV 94–5264 WJR.
BAP No. CC–94–1822.
Bankruptcy No. ND 94–11870–In RR.
Adv. No. ND 94–1122–RR.

United States District Court,
C.D. California.

Nov. 16, 1994.

Lawrence Bass, Thomas C. Given, Nancy J. Geenen, David J. Richardson, Murphy, Weir & Butler, P.C., San Francisco, CA, for defendant/appellee.

Gerald M. Etchingham, Nordman, Cormany, Hair & Compton, Oxnard, CA, for plaintiff/appellant.

## MEMORANDUM OPINION

REA, District Judge.

Plaintiff Benedor Corporation's ("Benedor") appeal from the Bankruptcy Court's Orders denying its Motions for Abstention, to Remand, and for Relief From the Automatic Stay imposed by the Bankruptcy Code came on for hearing before the Court, the Honorable William J. Rea, Judge, presiding, on September 26, 1994. After reviewing the papers submitted in support of and in opposition to the appeal, the file in this case, and the applicable authorities, the Court reverses the Bankruptcy Court's decisions and remands the case for proceedings consistent with this order.

## I. BACKGROUND

In August 1993, Benedor filed a complaint against defendant/debtor Conejo Enterprises, Inc. ("Conejo"), in Ventura County Superior Court, alleging, *inter alia*, a state law breach of contract claim. Benedor contends that Conejo failed to perform under an executory contract requiring Conejo to deliver its "collected greenwaste refuse" to Benedor's disposal facility. Benedor seeks approximately twenty-six million dollars ($26,000,-000) in damages.

Subsequently, Conejo filed a title 11 bankruptcy petition. A bankruptcy filing imposes an automatic stay of all litigation against the debtor (Conejo). 11 U.S.C. § 362(a). Conejo then removed the case to the federal district court, bankruptcy division.[1]

Benedor requested the Bankruptcy Court to abstain from hearing the state cause of action, to remand the case to the state court, and to lift the automatic stay so that the

---

1. Pursuant to 28 U.S.C. § 1452, a party may remove a related state case to the bankruptcy court. The parties would then proceed pursuant to Bankruptcy Rule 7001(10), which allows the bankruptcy court to adjudicate adversary proceedings.

state court could adjudicate the state cause of action.[2]

The Bankruptcy Court heard Benedor's motions on June 28, 1994, and determined that Benedor's contract claim amounted to a "core" proceeding that is within the Bankruptcy Court's jurisdiction. Consequently, the Bankruptcy Court denied the motions and ordered Benedor to file a creditor's claim in the bankruptcy action before the claims bar date of August 29, 1994. The order denying Benedor's motions was entered July 5, 1994, and Benedor filed a timely notice of appeal to the district court on July 13, 1994.

Considering that the claims bar date would pass before its appeal could be heard, Benedor sought and ultimately received an extension of the bar date from the Court to September 26, 1994, the date the present appeal was argued.

## II. DISCUSSION

### A. STANDARD FOR REVIEWING BANKRUPTCY COURT DECISIONS

Benedor appeals from the Bankruptcy Court's Order denying its Motions for Abstention, to Remand, and for Relief From the Bankruptcy Code's Automatic Stay provision.

■ The district court reviews conclusions of law made by the bankruptcy court de novo. *In re Dewalt,* 961 F.2d 848, 850 (9th Cir.1992). Similarly, questions regarding the bankruptcy court's jurisdiction are reviewed de novo. *In re Lockard,* 884 F.2d 1171, 1174 (9th Cir.1989).

■ Whether cause exists for relief from the automatic stay is reviewed for an abuse of discretion. *In re Universal Farming Indus.,* 873 F.2d 1334, 1337 (9th Cir.1989).

### B. BANKRUPTCY COURT'S JURISDICTION

The district court must determine whether the bankruptcy court has jurisdiction over a case and then must decide whether the bankruptcy court has jurisdiction to hear the particular proceeding that arises out of the case. If the bankruptcy court has jurisdiction over both, it must be determined whether the bankruptcy court may enter a final order or judgment in the particular proceeding.

The district court has "original and exclusive jurisdiction of all *cases* under title 11." 28 U.S.C. § 1334(a) (emphasis added). The district court also has "original but not exclusive" jurisdiction of all civil *proceedings* arising under title 11, or arising in or related to a case under title 11. 28 U.S.C. § 1334(b).

The district court may refer to the bankruptcy division of the district court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a).

The bankruptcy court is empowered to hear and determine all *cases* under title 11; and, any or all *core proceedings* arising *under* title 11, or *core proceedings* arising *in a case under* title 11. 28 U.S.C. § 157(b)(1). If the proceeding does not involve a core matter, but it otherwise relates to a title 11 case, then the bankruptcy court may make recommended findings and rulings to the district court, which may enter judgment. 28 U.S.C. § 157(c)(1).

If the proceeding only relates to a title 11 case, then the district court, and thus the bankruptcy court, may be required to abstain from hearing the proceeding. See subsection 2, *infra.*

### 1. Core Proceedings Under Title 11 Or Arising In A Case Under Title 11

Congress has delineated under 28 U.S.C. § 157(b)(2) a non-exhaustive list of core proceedings. The courts have expounded on that list, as well.[3]

If characterized as a core proceeding, the bankruptcy court must determine if it is a

---

**2.** A jury trial had been set to begin in the state court on August 1, 1994.

**3.** If the claim is not one listed in § 157(b)(2) as a "core" proceeding, then courts have "considered factors such as whether the rights involved exist independent of title 11, depend on state law for

their resolution, existed prior to the filing of a bankruptcy petition, or were significantly affected by the filing of the bankruptcy case." *In re Cinematronics, Inc.,* 916 F.2d 1444, 1450 n. 5 (9th Cir.1990).

core proceeding "under title 11" or if it is a core proceeding "arising in a case under title 11," both of which should have obvious answers.[4] 28 U.S.C. § 157(b)(1). *See, In re Eastport Assocs.*, 935 F.2d 1071, 1076–77 (9th Cir.1991); *In re Tucson Estates*, 912 F.2d 1162, 1168 (9th Cir.1990); *In re Kold Kist Brands, Inc.*, 158 B.R. 175, 178 (C.D.Cal. 1993) (Tevrizian, J.).

■ A proceeding "arises under title 11" when it is " 'created or determined by a statutory provision of title 11.' " *In re Kold Kist Brands, Inc.*, 158 B.R. at 178 (quoting *In re Leco Enters., Inc.*, 144 B.R. 244, 248 (S.D.N.Y.1992)).

■ "Arising in" jurisdiction includes administrative matters that arise only in bankruptcy cases. They are matters that do not have any right expressly created by title 11, but they do not exist outside of bankruptcy. *In re Eastport Assocs.*, 935 F.2d at 1076.

### 2. Proceedings That Are Neither Core Proceedings Under Title 11 Nor Arising In A Case Under Title 11

If the proceeding is not a core proceeding under title 11 or arising in a case under title 11, then the bankruptcy court must determine if it is a non-core proceeding that otherwise *relates* to a title 11 case. 28 U.S.C. § 157(c)(1).

■ If an action may be said to have an "effect" on a bankruptcy proceeding, such as affecting the amount of property available for distribution, without "arising under" title 11 or "arising in" the bankruptcy proceedings itself, then the claim is "related to" the title

11 case. *See, e.g., In re Eastport Assocs.*, 935 F.2d at 1076–77; *In re Kold Kist Brands, Inc.*, 158 B.R. at 178.

The bankruptcy court also must determine whether 28 U.S.C. § 1334(c)(2) applies. The district court, and thus the bankruptcy division of the district court, must abstain[5] from hearing any core or non-core "proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section," if the "action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2).

If the proceeding falls under 28 U.S.C. § 1334(c)(2), then the district court must abstain and remand the case to the state court. If the claim is a non-core proceeding otherwise related to a title 11 case, but it does not fall within 28 U.S.C. § 1334(c)(2), then mandatory abstention does not apply and the bankruptcy court may submit findings of fact and conclusions of law to the district court, which may render the final ruling.

### C. TEST FOR DETERMINING WHETHER RELIEF FROM THE AUTOMATIC STAY IS APPROPRIATE

Pursuant to 11 U.S.C. § 362, the filing of a bankruptcy petition imposes an automatic stay of all litigation currently pending against the debtor.[6] 11 U.S.C. § 362(a) fur-

---

4. Admittedly, the two questions have a peculiar overlap and most, if not all, "core" proceedings will be found to "arise under title 11" or "arise in a case under title 11." Nonetheless, failing to consider whether the case arises under or in a title 11 case would render those additional words in the statute meaningless, and such a construction is prohibited. *Aptheker v. Secretary of State*, 378 U.S. 500, 515, 84 S.Ct. 1659, 1668, 12 L.Ed.2d 992 (1964).

5. In contrast to mandatory abstention, permissive abstention may be exercised where an action based upon a state law claim is merely "related to" a title 11 proceeding or is a "non-core" proceeding. 28 U.S.C. § 1334(c)(1) provides: "Nothing in this section prevents a district court

in the interest of justice, or in the interest of comity with State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." In light of the Court's ruling that mandatory abstention applies, the Court has not considered the permissive abstention issue.

6. 11 U.S.C. § 362(a)(1) operates as a stay of "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

ther provides that either party, creditor or debtor, may move for relief from the automatic stay.

28 U.S.C. § 157(b)(2)(G) states that a motion for relief from the automatic stay is a "core" proceeding; thus, since it arises under title 11, the bankruptcy court has jurisdiction to hear the motion. The bankruptcy court may terminate, annul, modify, or condition the automatic stay. 11 U.S.C. § 362(d). Relief "shall" be granted, however, upon notice and motion if "cause" exists. 11 U.S.C. § 362(d)(1).[7]

■ Although "cause" is not clearly defined and should be analyzed case-by-case, the Ninth Circuit has held that cause may exist for relief if the district court may or must abstain from deciding the issues. *In re Tucson Estates, Inc.,* 912 F.2d at 1166. Cause also exists where "[a] clear congressional policy exists to give state law claimants a right to have claims heard in state court." *In re Castlerock Properties,* 781 F.2d 159, 163 (9th Cir.1986). *See also,* 28 U.S.C. § 1334(c); *Judkins v. Ali,* 28 F.3d 106 (9th Cir.1994) (allowing state law claims to be litigated in state courts).

## D. TESTS THAT ARE INAPPROPRIATE FOR DETERMINING JURISDICTION

The heart of the dispute before the Court is whether the creditor's filing a proof of claim determines when the bankruptcy court has jurisdiction over the claim. To resolve the problem, the Court must decide if the bankruptcy court automatically has jurisdiction over the creditor and the claim when the creditor files a proof of claim, and if not, whether all claims within a proof of claim are automatically characterized as core proceedings.

The automatic stay provision, as explained in the Notes of the Committee on the Judiciary, Senate Report No. 95–989, 2nd Sess. 1 (1978) U.S.Code Cong. & Admin.News 1978 at 5787, affords the debtor relief from financial pressure so that the debtor can develop a reorganization plan.

7. Regardless of which court has jurisdiction over a proceeding, the possibility exists and has been recognized by Congress, that the claim may not become definite and ascertainable in amount

## 1. All Claims Within A Proof Of Claim Are Not Automatically Subject To The Bankruptcy Court's Jurisdiction

The concern the Court confronts in resolving this issue is the odd and adverse position in which a creditor is placed when forced to elect either (1) pursuing his state cause of action and risking forfeiture of his right to file a claim against the debtor if the state action is not completed prior to the claims bar date; or, (2) filing a proof of claim and risking forfeiture of his right to a jury trial on the state cause of action.

■ Forcing such a choice raises concerns about the constitutionality of the Bankruptcy Code because Congress "lacks the power to strip parties contesting matters of private right of their constitutional right to a trial by jury." *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 51–52, 109 S.Ct. 2782, 2795, 106 L.Ed.2d 26, 47 (1989). "[S]tate-law causes of action for breach of contract or warranty are paradigmatic private rights[.]" *Id.* at 56, 109 S.Ct. at 2798. "Congress may fashion causes of action that are closely analogous to common-law claims and place them beyond the ambit of the Seventh Amendment by assigning their resolution to a forum in which jury trials are unavailable." *Id.* at 52, 109 S.Ct. at 2796. But Congress' ability to block application of the Seventh Amendment is limited, and has not been exercised such that all claims are automatically within the bankruptcy court's jurisdiction.

■ Furthermore, "legal claims are not magically converted into equitable issues by their presentation to a court of equity[.]" *Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). Generally, the decision whether to abstain and grant relief from the automatic stay should be the

without delaying administration of the estate. 11 U.S.C. § 502(c)(1) authorizes the bankruptcy court to "estimate[ ] for purposes of allowance under this section: any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case[.]" The bankruptcy court is authorized to make such an election as a "core" proceeding arising in or under a title 11 case. 28 U.S.C. § 157(b).

same despite whether the creditor chooses to file a claim.[8]

The outcome of the question whether abstention is appropriate may differ if the debtor files a state cause of action against a creditor who has not filed a proof of claim with the bankruptcy court.[9] The reason for the difference is that the creditor is brought into the litigation as a defendant, involuntarily. Thus, the creditor cannot be forced to forego his right to a jury trial.[10]

The Supreme Court held that a debtor's preference action is not subject to the bankruptcy court's jurisdiction if the creditor has not filed a proof of claim. *Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). The inverse is not necessarily true, however. A cause of action is not automatically subject to the bankruptcy court's jurisdiction when the creditor files a proof of claim.

*Langenkamp* involved a preferential payment claim, which clearly is a core proceeding arising out of title 11.[11] Thus, the Supreme Court did not examine whether the particular claim was a core proceeding arising under title 11. Although the Supreme Court held that filing a claim triggers the allowance or disallowance of claims, it did so under a limited factual basis. Therefore, *Langenkamp* does not support the proposition that the bankruptcy court automatically has jurisdiction when a creditor files a proof of claim *after* being involuntarily brought into a lawsuit by the debtor.[12]

■■■ If it is impossible to have the cause adjudicated in the state court after the creditor files a proof of claim, then the legislature would not have created the procedure for determining which court has jurisdiction. The bankruptcy court must determine in every case whether, and to what extent, to exercise jurisdiction. Therefore, the argument that the filing of the creditor's claim for distribution triggers whether the bankruptcy court must abstain is fallacious.[13] Although

8. It would be inherently improper to treat a creditor who files a proof of claim alleging a state law breach of contract cause of action differently from a creditor who files a prepetition state law breach of contract cause of action, but does not file a proof of claim. The same is true when a creditor files a counter-claim but does not file a proof of claim.

9. The outcome also may be different if the debtor lists the creditor on the bankruptcy petition, but the creditor does not file a proof of claim.

10. In *Granfinanciera v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court explained that Congress did intend to give bankruptcy judges original jurisdiction over certain issues despite eviscerating the right to trial by jury for that particular issue. The Court noted that "when Congress creates new statutory 'public rights,' it may assign their adjudication to an administrative agency with which a jury trial would be incompatible, without violating the Seventh Amendment's injunction that jury trial is to be 'preserved' in 'suits at common law.'" *Id.* at 51, 109 S.Ct. at 2795 (citation omitted). The limitation is that "[w]holly private tort, contract, and property cases, as well as a vast range of other cases, are not at all implicated." *Id.* (citation omitted). *Granfinanciera* involved a fraudulent conveyance suit by the trustee against a creditor who had not submitted a claim. Generally, fraudulent conveyance suits are core proceedings arising under title 11. The creditor in *Granfinanciera,* however, had not

filed a claim and was not involved in a state cause of action. Thus, the bankruptcy court did not have jurisdiction over the creditor.

11. In *Langenkamp,* the creditor filed a claim against a bankrupt estate and then was sued in the bankruptcy court by the trustee in bankruptcy to recover allegedly preferential monetary transfers. In a preference action, the trustee seeks repayment of money that was paid to the creditor immediately prior to the filing of the bankruptcy petition. The bankruptcy court must find that the payments are "avoidable" preferences before it can order the creditor to repay the money to the bankrupt estate. The Court held that if the creditor had not filed a claim, the creditor would have retained its right to a trial by jury when sued by the bankruptcy trustee.

12. In arguing that filing a proof of claim automatically grants the bankruptcy court jurisdiction over the creditor, Conejo neglects to consider that the bankruptcy court may already have obtained jurisdiction via 28 U.S.C. § 1334 or 28 U.S.C. § 157. Additionally, Bankruptcy Rule 3003(c)(4) does not state that an effect of filing a proof of claim is that the case automatically is barred from being heard in the state court or that the creditor automatically loses the right to a jury trial.

13. Similarly, the district court can permissively abstain from hearing a related state cause of action. With that in mind, it would be conflicting to say also that the creditor loses the right to

failure to file a proof of claim may bar a creditor from sharing in the distribution of the bankrupt estate, filing a proof of claim does not automatically bar the creditor from having a jury trial on its state cause of action.[14]

### 2. All Claims Within A Proof Of Claim Are Not Automatically Characterized As Core Proceedings

Another argument presented to the Court is that all claims included in the creditor's proof of claim are automatically core proceedings subject to the bankruptcy court's jurisdiction. The basis for such an argument is that 28 U.S.C. § 157(b)(2)(B) states that core proceedings include "[the] allowance or disallowance of claims against the estate[.]" A "claim" is defined in 11 U.S.C. § 101(5)(A) as the "[r]ight to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent[.]"

In combination, one might interpret the two provisions to mean that all creditors' "claims" fall within the ambit of "allowance or disallowance of claims." The Court rejects, however, the argument and the rationale.

First, 11 U.S.C. § 101 states that the definitions therein are for purposes of title 11. Section 157, the jurisdictional provision, is found under title 28. The Court may, consistent with principles of statutory interpretation, look to the manner in which the term "claim" is used in other statutory provisions. But, a finding that the title 11 definition of "claim" applies in title 28 would eliminate the distinction between core and non-core proceedings and would erase the constitutionally mandated jurisdictional boundaries. *In re Castlerock Properties*, 781 F.2d at 162. The Court believes that the Bankruptcy Code should not be interpreted so broadly as to reincarnate the same constitutional concerns that the *Northern Pipeline* case laid to rest.

*See, Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (plurality opinion of Brennan, J.).

Furthermore, because the words are used together in the statute, the terms "allowance and disallowance" must be accorded meaning apart from the definition of "claim." While a proceeding that involves the "allowance and disallowance" procedure always will include a claim, the inverse is not necessarily true—that is, every time a claim is brought the court might not be confronted with determining whether to allow or disallow that claim. Several other actions may be taken regarding that particular claim. If the inverse were true, then the term "allowance or disallowance" would be unnecessary and Congress likely would have stated that core proceedings include "all claims."

Second, stating that all claims within a proof of claim automatically fall under "allowance and disallowance of claims" "confuses the tasks of determining whether the homeowners have a claim, and determining what to do with it in the bankruptcy if they do. The parties dispute not whether a claim should be disallowed but instead whether the plaintiffs have a claim to bring to the bankruptcy court in the first place." *In re Tucson Estates, Inc.*, 912 F.2d at 1168.

■ Simply stated, the existence of a debt and the allowance or disallowance of a debt are separate issues. The determination of whether a debt exists involves a non-core proceeding and whether to allow or disallow the debt after determining a debt exists involves a core proceeding arising under title 11. In other words, the bankruptcy court has jurisdiction over the distribution of funds, but may not always have jurisdiction to adjudicate whether a claim for distribution of the funds exists.

a jury trial by filing the claim with the bankruptcy court. If the bankruptcy court ultimately determines that it may and will exercise jurisdiction, then the creditor loses his right to a jury trial, but not because he chose to file a claim.

**14.** Conejo relies heavily on *In re Hooker Investments, Inc.*, 937 F.2d 833 (2nd Cir.1991). That

case is inapplicable because it too involves a preference action. The Court rejected appellant's argument that it was entitled to file a proof of claim to preserve a right to partake in the estate distribution and still have a jury trial in the preference action. Preference actions, however, clearly are distinguishable from contract cause of actions.

The Supreme Court opinion in *Northern Pipeline*, 458 U.S. at 71, 102 S.Ct. at 2871, provides support for the duality theory. The Court held unconstitutional a bankruptcy court's jurisdiction to determine a state law contract dispute, by distinguishing between the 'core' of the federal bankruptcy power (i.e., restructuring debtor-creditor relations) and state-created private rights (i.e., contract rights).

Congress responded with the 1984 amendment, which established new jurisdictional boundaries to comply with *Northern Pipeline*. Pub.Law No. 98–353, 98 Stat. 333 (1984). Thus, although the district court has jurisdiction pursuant to 28 U.S.C. § 1334 to decide state law cause of actions that relate to a pending bankruptcy case, the bankruptcy court may adjudicate them when they are core proceedings. In non-core proceedings, the bankruptcy court may only make recommended findings and rulings to the district court. 28 U.S.C. § 157(c)(1). *Id.*

The Ninth Circuit explained that:

> The purpose of the rule, to prevent a bankruptcy trustee from having 'to split a cause of action by defending against the claim in the summary proceedings and then seeking affirmative relief in a plenary suit,' is not served by forcing the creditor to file a proof of claim as a defensive maneuver, thereby conferring jurisdiction on the bankruptcy court. Asserting an affirmative defense does not constitute consent. By analogy, Piombo's filing the proof of claim should not be deemed consent.

*In re Castlerock Properties*, 781 F.2d 159, 162–63 (9th Cir.1986) (citations omitted).

### III. THE CASE AT BAR

■ The bankruptcy court has jurisdiction to rule on motions to abstain and to grant relief from the automatic stay. The Bankruptcy Court here denied Benedor's motions on the basis that the claim will become a core proceeding over which the Bankruptcy Court has jurisdiction once Benedor files its proof of claim.

The Court declines to adopt the Bankruptcy Court's decision. The possibility that Benedor may file a proof of claim does not affect whether the Bankruptcy Court ultimately has jurisdiction over the proceeding. Filing a proof of claim only effects whether Benedor will be permitted to participate in distribution of the estate if it prevails in the state cause of action.

The state contract cause of action here is not a core proceeding under title 11 or arising in a case under title 11. The claim more accurately is characterized as a non-core proceeding that is related to a title 11 case. But, since it appears that the case could have been adjudicated in a timely fashion and it satisfies the other requirements set forth in 28 U.S.C. § 1334(c)(2), the district court must abstain.

Since abstention is appropriate, cause clearly exists for granting relief from the automatic stay. Consequently, the Court finds that the Bankruptcy Court abused its discretion in denying relief.[15]

Accordingly, the Court reverses the Bankruptcy Court's order denying abstention and its order denying relief from the automatic stay so that the state court action may proceed. The case is remanded to the Bankruptcy Court with instructions to remand the case to the California state court consistent with this opinion.

IT IS SO ORDERED.

---

**15.** The Court, however, does not fault the bankruptcy judge inasmuch as the area of law lacks a succinct opinion that fully analyzes and brings together the various pertinent sections of the bankruptcy code. The Court, in attempting to close the gaps that cause erroneous or illogical opinions, recognizes that there remain a few small holes that only Congress can repair.