Opinion by Judge T.G. NELSON; Dissent by Judge FLETCHER.
T.G. NELSON, Circuit Judge:
OVERVIEW
Ronald L. Durkin, the trustee in bankruptcy, and Western Waste Industries, a creditor in bankruptcy, (collectively “the appellants”) appeal the district court’s mandatory abstention, pursuant to 28 U.S.C. § 1334(c)(2), from *1463 a pre-petition state action brought by Bene-dor Corporation (Benedor) against the debt- or in bankruptcy, Conejo Enterprises (Cone-jo), and granting Benedor relief from the automatic stay. We vacate the district court’s order and remand.
FACTS AND PROCEDURAL BACKGROUND
Conejo collects and disposes of waste. In May 1993, it allegedly entered into a contract with Benedor, obligating it to deliver its “green waste” to Benedor and to pay Bene-dor for disposal. When Conejo refused to deliver its “green waste” pursuant to the contract, Benedor filed suit against Conejo in a California state court alleging, inter alia, a state law breach of contract claim (referred to as the “state action”), seeking $26,000,000 in damages. One year later, in May 1994, Conejo filed for Chapter 11 bankruptcy and removed the Benedor state action to the bankruptcy court.
Prior to filing a proof of claim, Benedor requested that the bankruptcy court abstain from hearing its state action and moved for relief from the automatic stay so it could pursue the action in state court. The bankruptcy court denied the motions. In declining to abstain, the bankruptcy court reasoned that, if Benedor filed a proof of claim, the state action would become a core proceeding under 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims), which would not be subject to mandatory abstention. Conversely, if Benedor did not file a proof of claim, the claim would be discharged in bankruptcy, and there would be no purpose in requiring the estate to litigate the claim in state court.
Benedor appealed the bankruptcy court’s decision to the district court and requested an extension of the bar date for filing its proof of claim. The district court extended the bar date until September 26, 1994. On that date, the district court heard Benedor’s appeal, and significantly, Benedor also filed its proof of claim.
After Benedor had filed its proof of claim, on November 16, 1994, the district court reversed the bankruptcy court’s decision.[1] It held that Benedor’s state action was a non-core proceeding subject to mandatory abstention under 28 U.S.C. § 1334(c)(2), and that, because mandatory abstention applied, there was cause for relief from the automatic stay. The district court remanded the case to the bankruptcy court -with instructions to remand Benedor’s state action to state court. The appellants timely appeal the district court’s decision.
DISCUSSION
A Jurisdiction
The district court has “original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.” 28 U.S.C. § 1334(b). It has discretionary authority to abstain from core proceedings which are proceedings arising under or in title 11. 28 U.S.C. § 1334(c)(1). However, pursuant to 28 U.S.C. § 1334(c)(2), a district court must abstain from non-core proceedings which are proceedings that are only related to a case under title 11. In this ease, the district court held that it was required to exercise mandatory abstention because Benedor’s state action was a non-core proceeding.
Relying on the version of § 1334(c)(2) in effect when Conejo filed its petition for bankruptcy, Benedor argues we lack appellate jurisdiction in this case.[2] Section 1334(c)(2) provided in part that:
Any decision to abstain or not to abstain made under this subsection is not reviewa *1464 ble by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title.
28 U.S.C. § 1334(c)(2) (1994) (emphasis added).
Despite the proscriptive language of § 1334(c)(2), at least one court has held that it has appellate jurisdiction to review a mandatory abstention decision. S.G. Phillips Constructors, Inc. v. City of Burlington, Vt. (In re S.G. Phillips Constructors, Inc.), 45 F.3d 702, 708 (2d Cir.1995). In In re Phillips, the Second Circuit held that it has “limited reviewability of abstention decisions under § 1334(c)(2) to ensure that the statutory requirements prerequisite to mandatory abstention are met,” even though “Congress proscribed general review of mandatory abstention.” Id. We adopt the Second Circuit’s reasoning and hold that we have jurisdiction in this case to review whether the statutory prerequisites for mandatory abstention are met.
B. Standard of Review
“We review the district court’s decision on an appeal from a bankruptcy court de novo.” Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166 (9th Cir.1990). ‘We apply the same standard of review to the bankruptcy court findings as does the district court: findings of fact are reviewed under the clearly erroneous standard, and conclusions of law, de novo.” Id. We review the district court’s grant of relief from the stay for an abuse of discretion. Id.
C. Filing a Proof of Claim and Core Jurisdiction
In order for mandatory abstention to apply, the proceeding must: 1) be based on a state law claim or cause of action, 2) lack a federal jurisdictional basis absent the bankruptcy, 3) be commenced in a state forum of appropriate jurisdiction, 4) be capable of timely adjudication, and 5) be a non-core proceeding. 28 U.S.C. § 1334(c)(2). In this case, the appellants challenge only the district court’s conclusion that the action is a non-core proceeding; they do not challenge the remaining four elements. Thus, the crucial issue we must resolve in determining whether mandatory abstention applies in this case is whether Benedor’s pre-petition state action, alleging a breach of contract, is a core or a non-core proceeding.[3]
The district court stated “[t]he heart of the dispute before the Court is whether the creditor’s filing of a proof of claim determines when the bankruptcy court has jurisdiction over the claim.” It held that “[a] cause of action is not automatically subject to the bankruptcy court’s [core] jurisdiction when the creditor files a proof of claim_”[4] However, contrary to the district court’s reasoning, the Supreme Court has held that “by filing a claim against a bankruptcy estate the creditor triggers the process of ‘allowance and disallowance of *1465 claims,’ ” Langenkamp v. Culp, 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990) (citing Granfinanciera v. Nordberg, 492 U.S. 33, 58-59 and n. 14, 109 S.Ct. 2782, 2799 and n. 14, 106 L.Ed.2d 26 (1989)), a process which is within the bankruptcy court’s core jurisdiction pursuant to § 157(b)(2)(B).
In Langenkamp, creditors filed proofs of claim against the bankruptcy estates, and then the trustee instituted adversary proceedings against the creditors to recover voidable preferences. 498 U.S. at 43, 111 S.Ct. at 330. Relying on the fact that the creditors had filed proofs of claim, the Court held that the creditors had triggered “the process of ‘allowance and disallowance of claims,’ thereby subjecting [themselves] to the bankruptcy court’s equitable power.” Id. at 44, 111 S.Ct. at 331. Because “a creditor’s right to a jury trial on a bankruptcy trustee’s preference claim depends upon whether the creditor has submitted a claim against the estate,” and the creditors had submitted claims, the Court held that there was no Seventh Amendment right to a jury trial. Id. at 45, 111 S.Ct. at 331 (quotation omitted).
In this case, the district court declined to apply the rule in Langenkamp that filing a proof of claim triggers the allowance and disallowance process. It distinguished Langenkamp on the basis that Langenkamp dealt with preferential payment claims which are clearly core proceedings. See 28 U.S.C. § 157(b)(2)(F). However, as the Court in Langenkamp noted, absent the filing of a proof of claim by a creditor, “the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer.” Langenkamp, 498 U.S. at 45, 111 S.Ct. at 331. Thus, the crucial factor triggering the allowance process in Langenkamp was not that the trustee sought to avoid preferences, but that the creditors filed proofs of claim. We hold that under the rule in Langenkamp, when a creditor files a proof of claim and triggers the allowance and disallowance process, it necessarily triggers the bankruptcy court’s core jurisdiction.
Our holding is in accord with the law of other circuits. The Second Circuit in In re Phillips held that the filing of a proof of claim is the “determinative factor” in resolving whether a claim is a core or non-core proceeding. 45 F.3d at 705. In that case, the creditor filed a pre-petition state action against the debtor, and the debtor alleged counterclaims against the creditor. Id. at 703. The court held that, when a creditor files a proof of claim, the claim becomes an adversary proceeding in bankruptcy for an allowance or disallowance of the claim, and the creditor necessarily becomes a party under the bankruptcy court’s core jurisdiction pursuant to § 157(b)(2)(B). Id. The Second Circuit relied on its previous decision in Gulf States Exploration v. Manville Forest Products Corp. (In re Manville Forest Products Corp.), 896 F.2d 1384, 1389-90 (2d Cir.1990), which held that “when a creditor files a proof of claim, the bankruptcy court has core jurisdiction to determine that claim, even if it was a prepetition contract claim arising under state law.” In re Phillips, 45 F.3d at 705; see also In re Manville Forest Products, 896 F.2d at 1389 (“By filing a proof of claim, [the creditor] submitted itself to the equitable power of the bankruptcy court to disallow its claim.”).
Like the Second Circuit, the Third, Fifth and Sixth Circuits have also focused on whether the creditor has filed a proof of claim to determine whether that creditor’s state court action is a core proceeding. See Atassi v. McLaren (In re McLaren), 990 F.2d 850, 853 (6th Cir.1993) (“A suit by a third party creditor ... against the debtor (and thus the bankruptcy estate) is a core proceeding under § 157(b)(2)(B).”); Southeastern Sprinkler Co., Inc. v. Meyertech Corp. (In re Meyertech Corp.), 831 F.2d 410, 417-18 (3d Cir.1987) (holding state court action was core proceeding because creditor filed proof of claim); In re Wood, 825 F.2d at 97-98 (holding state action was non-core proceeding because creditor had not filed proof of claim).
Further, other courts have concluded that whether a creditor asserts its state action pre-petition or post-petition is not relevant for purposes of determining whether a proceeding is a core or non-core proceeding. Although the creditor in In re Meyertech *1466 filed its state action post-petition, instead of pre-petition, the Third Circuit held that:
[The creditor’s] cause of action based upon state law is correctly characterized as a claim against the bankrupt estate of [the debtor]. As such, the litigation of its merits is a core proceeding under the bankruptcy judge’s jurisdiction as provided by § 157(b)(2)(B). The filing of the claim by [the creditor] created this action in bankruptcy court, and this is the proper forum for its adjudication. By its very nature it fits directly under the more specific definition of a core proceeding under § 157(b)(2)(B).
831 F.2d at 418. As the court in In re Phillips noted, “[t]he sole fact that the [creditor’s] state law claim was filed before [the] petition [for bankruptcy] has no [b]earing on whether the claim is characterized as core or non-core when a proof of claim has been filed.” 45 F.3d at 705.
Based on the Langenkamp rule that a proof of claim triggers the allowance and disallowance process and in accord with other courts of appeals, we hold that the district court erred by concluding that Benedor’s pre-petition state law action was a non-core proceeding. At the time the district court rendered its decision, Benedor had filed a proof of claim thereby triggering the allowance and disallowance process in the bankruptcy court and converting its claim into a core proceeding under § 157(b)(2)(B). Consequently, Benedor failed to meet all the required elements of mandatory abstention.
Our holding in this case is not contrary to our decision in In re Tucson, 912 F.2d 1162 (9th Cir.1990), relied on by the district court. In In re Tucson, the plaintiffs brought a pre-petition suit against the debtor and its shareholders alleging misappropriation of funds and a violation of a restrictive covenant. Id. at 1165. After the debtor filed its petition for bankruptcy and during the state court trial, the bankruptcy court stayed litigation of the covenant issue. Id. As one of its bases for staying the action, the bankruptcy court concluded the proceeding was a core proceeding pursuant to § 157(b)(2)(B). However, we held that the proceeding was a non-core proceeding. Id. at 1168. We reasoned that the bankruptcy court’s finding that the action was a core proceeding:
confuses the tasks of determining whether the [plaintiffs] have a claim, and determining what to do with it in the bankruptcy if they do. The parties dispute not whether a claim should be disallowed but instead whether the plaintiffs have a claim to bring to the bankruptcy court in the first place.
Id. We concluded that the action was a non-core proceeding and that the bankruptcy court should have exercised permissive abstention. Id. at 1169; see also id. at 1166 (reversing on permissive rather than mandatory abstention grounds).
Significantly lacking from our decision in In re Tucson was any mention of whether the plaintiffs had filed a proof of claim against the estate. We assume they did not and hold that the reasoning in In re Tucson is limited to cases in which a plaintiff has not filed a proof of claim. Absent a proof of claim, a plaintiff’s state action may be subject to the bankruptcy court’s non-core jurisdiction if it is a proceeding related to a ease under title 11. In re Wood, 825 F.2d at 97-98 (holding plaintiffs state action is a non-core proceeding because no proof of claim was filed). However, in eases in which a creditor files a proof of claim seeking allowance of that claim, core jurisdiction arises.
Nor does our decision in Piombo Corp. v. Castlerock Properties (In re Castlerock Properties), 781 F.2d 159 (9th Cir.1986), preclude our conclusion that Benedor’s state action is a core proceeding. In In re Castle-rock, the plaintiff filed a pre-petition state action against the debtor. After the debtor filed for bankruptcy, the plaintiff moved the bankruptcy court for relief from the automatic stay. The debtor incorporated state law counterclaims in its answer to the motion for relief. The bankruptcy court elected to try the debtor’s counterclaims but denied the plaintiff relief from the automatic stay to proceed with its claim. In response, the plaintiff filed a proof of claim. Id. at 160. On appeal, the issue addressed by this court was “whether ... the bankruptcy court had jurisdiction to enter final judgment on [the debtor’s] state law counterclaims.” Id. at 161. We held that the bankruptcy court did *1467 not have jurisdiction over the debtor’s counterclaims, concluding that their determination was not a core proceeding under § 157(b)(2). Id. at 161-62. We rejected the debtor’s argument that the plaintiff “impliedly consented to the jurisdiction of the bankruptcy court” over the debtor’s counterclaims by filing a proof of claim. Id. at 162-63.
The rule in In re Castlerock, that a plaintiff does not consent to bankruptcy jurisdiction by filing a proof of claim, is limited to the unique facts of that case. The purpose behind the rule in In re Castlerock is to prevent the splitting of a cause of action. Otherwise, a trustee would be required to resolve a plaintiffs stayed claims in a plenary action while pursuing the debtor’s counterclaims in bankruptcy. See id. The rule that a proof of claim does not constitute consent to the bankruptcy court’s jurisdiction does not apply to garden variety cases, such as Benedor’s, in which a creditor brings a state action and then files a proof of claim seeking allowance of that claim. Furthermore, we rendered our decision in In re Castlerock prior to the Supreme Court’s decision in Langenkamp, which holds that filing a proof of claim triggers the core proceeding of allowance or disallowance. The Court’s decision in Langenkamp precludes simplifying our decision in In re Castlerock to a broad rule that a creditor never consents to bankruptcy core jurisdiction by filing a proof of claim.
D. Seventh Amendment Right to Jury Trial
The question remains whether the Seventh Amendment entitles Benedor to a jury trial, even though its state action is properly characterized as a core proceeding. The district court indicated it held that Benedor’s state action was a non-core proceeding to avoid constitutional concerns raised by denying Benedor’s right to a jury trial. The appellants argue Benedor is not entitled to a jury trial.
“Neither Congress nor the courts may deprive litigants of their constitutional rights simply by labeling a cause of action ‘core.’ ” Germain v. Connecticut Nat’l Bank, 988 F.2d 1323, 1327 (2d Cir.1993) (citing Granfinanciera, 492 U.S. at 61, 109 S.Ct. at 2800-01). However, as previously noted, the Supreme Court has held that “by filing a claim against a bankruptcy estate the creditor triggers the process of ‘allowance and disallowance of claims,’ thereby subjecting [itself] to the bankruptcy court’s equitable power.” Langenkamp, 498 U.S. at 44, 111 S.Ct. at 331; see also Granfinanciera, 492 U.S. at 58-59, 109 S.Ct. at 2799; Katchen v. Landy, 382 U.S. 323, 336, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966). As the Second Circuit has held, “the Katchen, Granfinanciera, and Langenkamp line of Supreme Court cases stands for the proposition that by filing a proof of claim a creditor forsakes its right to adjudicate before a jury any issue that bears directly on the allowance of that claim.” Germain, 988 F.2d at 1329; see also In re Manville, 896 F.2d at 1389 (rejecting argument that claim must be adjudicated by Article III court because creditor filed proof of claim). “[A] creditor ... who submits to the equity jurisdiction of the bankruptcy court thereby waives any right to a jury trial for the resolution of disputes vital to the bankruptcy process, such as those involving the determination of who is a valid creditor.” Germain, 988 F.2d at 1329 (emphasis added).
Because Benedor filed a proof of claim seeking allowance of its claim against Conejo, we hold it subjected itself to the equitable power of the bankruptcy court, and as a result, waived its right to a jury trial. Determination that Benedor is a valid creditor with an allowable claim is “integral to the restructuring of the debtor-creditor relationship through the bankruptcy court’s equity jurisdiction, which [Benedor] has invoked by filing the claim.” First Fidelity Bank v. Hooker Invs., Inc. (In re Hooker Invs., Inc.), 937 F.2d 833, 838 (2d Cir.1991).
E. Relief from the Automatic Stay
“A bankruptcy filing imposes an automatic stay of all litigation against the debtor.” In re Tucson, 912 F.2d at 1166. “A bankruptcy court ‘shall’ lift the automatic stay ‘for cause.’ ” Id. “ ‘Cause’ has no clear definition and is determined on a case-by-case basis.” Id. If a court must abstain, allowing a claim to proceed in state court, *1468 cause exists for lifting the stay as to the state court trial. Id.
The district court concluded that because Benedor’s state action was subject to mandatory abstention, there was cause to grant Benedor relief from the automatic stay. Because the district court premised its grant of relief on an erroneous interpretation of law, i.e., that Benedor’s state action was a non-core proceeding, we hold that the district court abused its discretion by granting relief from the stay. Cf. Northern Alaska Envtl. Ctr. v. Lujan, 961 F.2d 886, 889 (9th Cir.1992) (“A district court abuses its discretion if it dissolves an injunction because of an erroneous interpretation of law.”).
This holding does not prevent the district court from exercising permissive abstention under 28 U.S.C. § 1334(c)(1). The district court may, “in the interest of justice, or in the interest of comity,” abstain from hearing a state law claim that “aris[es] under title 11 or aris[es] in or relate[s] to a case under title 11.” Id.
CONCLUSION
In sum, we hold when Benedor filed a proof of claim, its state action became a core proceeding under § 157(b)(2)(B). Consequently, the action was not subject to mandatory abstention and Benedor waived its Seventh Amendment right to a jury trial. We vacate the district court’s order and remand for reconsideration of the motion for relief from the automatic stay in light of this opinion.
VACATED and REMANDED.

. The district court's opinion is published at Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.), 174 B.R. 814 (Bankr.C.D.Cal.1994).

. Congress amended 28 U.S.C. § 1334(c)(2) (1994) by enacting 28 U.S.C. § 1334(d) which currently provides that mandatory abstention decisions are reviewable. In enacting the Bankruptcy Reform Act of 1994, Congress provided that "the amendments made by th[e] Act shall not apply with respect to cases commenced under title 11 of the United States Code before the date of the enactment of th[e] Act.” Pub.L. 103-394, § 702(b) (1994) (emphasis added). The effective date of the amendment is October 24, 1994. Because Conejo filed its bankruptcy petition in May 1994, before the effective date, § 1334(d) is inapplicable.

. There are two categories of core proceedings: proceedings arising under title 11 and proceedings arising in title 11. Maitland v. Mitchell (In re Harris Pine Mills), 44 F.3d 1431, 1435 (9th Cir.1995), cert. denied, — U.S. -, 115 S.Ct. 2555, 132 L.Ed.2d 809 (1995). Proceedings arising under title 11 "involve a cause of action created or determined by a statutory provision of title 11.” Id. (quotation omitted). Proceedings arising in title 11 “seem[] to be a reference to those ‘administrative’ matters that arise only in bankruptcy cases.... [They] are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.” Id. (quotation omitted). Section 157(b)(2) provides a nonexclusive list of proceedings which are core proceedings. 28 U.S.C. § 157(b)(2); see In re Harris, 44 F.3d at 1436.
Non-core proceedings are only related to a case under title 11. Id. at 1435. A non-core proceeding "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy.” Id. (quotation omitted).

. The district court's reference to the "bankruptcy court's jurisdiction” in this context must refer to the bankruptcy court's core jurisdiction. The parties do not contest that Benedor's state action is at least a non-core proceeding because it is related to the title 11 case, and non-core proceedings fall within general bankruptcy jurisdiction. See In re Harris Pine Mills, 44 F.3d at 1434 (noting district court has concurrent jurisdiction over all civil proceedings arising under title 11 or arising in or related to cases under title 11); Wood v. Wood (In re Wood), 825 F.2d 90, 93 (5th Cir.1987) (holding that a matter is subject to bankruptcy jurisdiction if it “is at least 'related to’ the bankruptcy").